**ⓕ COPY**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF CLARK

| | |
|---|---|
| RICK GREER, | Case No.: |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF THE TELPHONE CONSUMER |
| v. | PROTECTION ACT ("TCPA"), FAIR DEBT COLLECTION PRACTICES |
| PERFORMANT RECOVERY, INC. | ACT ("FDCPA"), WASHINGTON COLLECTION AGENCY ACT |
| Defendant. | ("WCAA") AND WASHINGTON CONSUMER PROTECTION ACT ("WCPA") |
| | DEMAND FOR JURY TRIAL |

Plaintiff, RICK GREER ("Plaintiff"), through his attorneys, alleges the following against

Defendant, PERFORMANT RECOVERY, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection

Act., 47 U.S.C. 227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act

15 U.S.C. 1692, et seq. ("FDCPA").

COMPLAINT FOR VIOLATIONS OF THE TELPHONE
CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT
COLLECTION PRACTICES ACT ("FDCPA"),
WASHINGTON COLLECTION AGENCY ACT ("WCAA")
AND WASHINGTON CONSUMER PROTECTION ACT
("WCPA")

1

Samwel, Cousineau & Shea, PC
700 W. Evergreen Blvd., Vancouver, WA 98660
Phone: (360) 750-3789 | Fax: (360) 750-3788
Email: sdcousineau@gmail.com

3.   Count III of Plaintiff's Complaint is based on the Washington Collection Agency Act, RCW 19.16 *et seq.* ("WCAA") and the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA").

## JURISDICTION AND VENUE

4.   Defendant conducts business in the state of Washington, and therefore, personal jurisdiction is established.

5.   Venue and personal jurisdiction in Clark County are proper because Defendant does or transacts business within this county, and a material portion of the events at issue occurred in this county, and because Plaintiff is a resident of Clark County, Washington.

6.   Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought "in any court of competent jurisdiction."

7.   This Court has jurisdiction over Plaintiff's TCPA claim pursuant to 47 U.S.C. 227(b)(3).

## PARTIES

8.   Plaintiff is an adult individual whose principal place of residence is in Camas, Clark County, in the state of Washington.

9.   Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and a debtor as that term is defined by RCW 19.16.100(7).

10. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

11. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and a collection agency as that term is defined by RCW 19.16.100(4), and an out-of-state collection agency as that term is defined by RCW 19.16.100(10).

12. Defendant is a corporation engaged in the business of collecting debt in this state and

COMPLAINT FOR VIOLATIONS OF THE TELPHONE          2
CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT
COLLECTION PRACTICES ACT ("FDCPA"),
WASHINGTON COLLECTION AGENCY ACT ("WCAA")
AND WASHINGTON CONSUMER PROTECTION ACT
("WCPA")

Samwel, Cousineau & Shea, PC
700 W. Evergreen Blvd., Vancouver, WA 98660
Phone: (360) 750-3789 | Fax: (360) 750-3788
Email: sdcousineau@gmail.com

1  in several other states, with its principal place of business located in Livermore, California.

2      13. Defendant's business includes, but is not limited to, the collection of debts in this

3  state and several other states, and Defendant regularly attempts to collect debts alleged to be due

4  another.

5      14. The principal purpose of Defendant's business is the collection of debts allegedly

6  owed to third parties.

7      15. During the course of its attempts to collect debts allegedly owed to third parties,

8  Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail

9  and/or electronic mail, and initiates contact with alleged debtors via various means of

10  telecommunication, such as by telephone and facsimile.

11      16. Defendant acted through its agents, employees, officers, members, directors, heirs,

12  successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13                      **FACTUAL ALLEGATIONS**

14      17. Defendant is attempting to collect a consumer debt from Plaintiff.

15      18. The alleged debt at issue arises from transactions for personal, family, and household

16  purposes.

17      19. Within the last year, Defendant began placing collection calls to Plaintiff's cellular

18  telephone at 360-901-14XX.

19      20. Defendant placed collection calls from telephone numbers including, but not limited

20  to, 360-350-6002, 209-858-3500, and 360-813-0559.

21      21. Upon information and belief, per its prior business practices, each of these collection

22  calls were placed using an automatic telephone dialing system.

23      22. Plaintiff answered several of Defendant's phone calls in an attempt to instruct

COMPLAINT FOR VIOLATIONS OF THE TELPHONE      3
CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT
COLLECTION PRACTICES ACT ("FDCPA"),
WASHINGTON COLLECTION AGENCY ACT ("WCAA")
AND WASHINGTON CONSUMER PROTECTION ACT
("WCPA")

Samwel, Cousineau & Shea, PC
700 W. Evergreen Blvd., Vancouver, WA 98660
Phone: (360) 750-3789 | Fax: (360) 750-3788
Email: sdcousineau@gmail.com

Defendant to stop calling Plaintiff.

23. Each time Plaintiff answered Defendant's telephone calls, he was immediately put on hold, or hung up on, by Defendant.

24. Defendant continued to place collection calls to Plaintiff, including but not limited to calls call Defendant made to Plaintiff on January 31, 2014 at 9:44 A.M.; February 3, 2014 at 10:25 A.M.; February 5, 2014 at 11:24 A.M.; February 6, 2014 at 8:58 A.M.; February 10, 2014 at 10:42 A.M.; February 11, 2014 at 3:06 A.M.; February 12, 2014 at 2:23 P.M.; February 13, 2014 at 9:45 A.M.; February 14, 2014 at 8:53 A.M.; February 14, 2014 at 4:39 P.M.; February 18, 2014 at 5:37 A.M.; February 19, 2014 at 5:07 P.M.; February 24, 2014 at 9:58 A.M; February 24, 2014 at 10:23 A.M.; February 25, 2014 at 4:54 P.M.; February 27, 2014 at 10:42A.M.; March 3, 2014 at 11:30 A.M.; March 4, 2014 at 11:50 A.M.; March 4, 2014 at 4:18 P.M.; March 6, 2014 at 1:57 P.M.; March 7, 2014 at 9:03 A.M.; March 7, 2014 at 3:35 P.M.; March 8, 2014 at 9:52 A.M.; March 10, 2014 at 2:40 P.M.

25. Defendant calls Plaintiff at an annoying and harassing rate, sometimes calling Plaintiff up to two times in a single day and up to six times in a single week.

26. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

27. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent, express or implied, to Defendant to be contacted on Plaintiff's cellular telephone.

28. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

COMPLAINT FOR VIOLATIONS OF THE TELPHONE      4
CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT
COLLECTION PRACTICES ACT ("FDCPA"),
WASHINGTON COLLECTION AGENCY ACT ("WCAA")
AND WASHINGTON CONSUMER PROTECTION ACT
("WCPA")

Samwel, Cousineau & Shea, PC
700 W. Evergreen Blvd., Vancouver, WA 98660
Phone: (360) 750-3789 | Fax: (360) 750-3788
Email: sdcousineau@gmail.com

29. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

30. Plaintiff is not a customer of Defendant's services and, with the exception of Plaintiff's Notice of Dispute letter, Plaintiff has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

31. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

32. Despite this, Defendant continually placed repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

33. Often when Plaintiff answered Defendant's phone calls, Defendant immediately hung up the phone on Plaintiff, or hold music was playing when Plaintiff answered.

34. Defendant did not state that the call was from Performant Recovery, Inc.

35. Defendant's caller ID appears as "[No Name]" when Defendant calls Plaintiff's cellular phone.

36. Defendant did not state that the call is an attempt to collect a debt.

37. Defendant is familiar with the FDCPA.

38. Defendant knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

39. Defendant knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when placing a telephone call.

40. On or about March 11, 2014, Plaintiff, for the first time, received a written notice from Defendant, in a letter that opened with the sentence, "This letter serves as formal notice

COMPLAINT FOR VIOLATIONS OF THE TELPHONE CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), WASHINGTON COLLECTION AGENCY ACT ("WCAA") AND WASHINGTON CONSUMER PROTECTION ACT ("WCPA")

5

Samwel, Cousineau & Shea, PC
700 W. Evergreen Blvd., Vancouver, WA 98660
Phone: (360) 750-3789 | Fax: (360) 750-3788
Email: sdcousineau@gmail.com

that your above-referenced delinquent account has been referred to Performant Recovery, Inc.

for collection."

41. On or about March 20, 2014, Plaintiff wrote a letter to Defendant, requesting lawful

verification of the alleged debt it was trying to collect.

42. On or about April 17, 2014, Defendant wrote Plaintiff a letter promising to forward

verification of the debt upon Defendant's receipt.

43. As of the date of this Complaint, Plaintiff has not received verification of the alleged

debt.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

44. Defendant's actions alleged *supra* constitute numerous negligent violations of the

TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every

violation pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or

willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for

each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, RICK GREER, respectfully requests judgment be entered against

Defendant, PERFORMANT RECOVERY, INC. for the following:

46. Statutory damages of $500.00 for each and every negligent violation of the TCPA

pursuant to 47 U.S.C. § (b)(3)(B);

47. Statutory damages of $1500.00 for each and every knowing and/or willful violation

of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

COMPLAINT FOR VIOLATIONS OF THE TELPHONE          6
CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT
COLLECTION PRACTICES ACT ("FDCPA"),
WASHINGTON COLLECTION AGENCY ACT ("WCAA")
AND WASHINGTON CONSUMER PROTECTION ACT
("WCPA")

Samwel, Cousineau & Shea, PC
700 W. Evergreen Blvd., Vancouver, WA 98660
Phone: (360) 750-3789 | Fax: (360) 750-3788
Email: sdcousineau@gmail.com

48. All court costs, witness fees and other fees incurred; and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff repeats and re-alleges paragraphs 1-49 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

51. Defendant violated the FDCPA based on, but not limited to, the following:

a.   Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place up to two collection calls to Plaintiff per day and up to six times per week, after Plaintiff instructed Defendant to stop calling;

b.   Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to place up to two collection calls to Plaintiff per day and up to six collection calls per week;

c.   Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant called Plaintiff and Plaintiff's caller ID showed the caller as [No Name]; and

d.   Defendant violated *§1692g(a)* of the FDCPA when Defendant failed to send Plaintiff a writing, pursuant to *§1692g(a)*, within 5 days of Defendant's initial communication with Plaintiff.

52. The above conduct by Defendant was intended to coerce, harass, and intimidate Plaintiff into payment of the alleged debt.

COMPLAINT FOR VIOLATIONS OF THE TELPHONE       7
CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT
COLLECTION PRACTICES ACT ("FDCPA"),
WASHINGTON COLLECTION AGENCY ACT ("WCAA")
AND WASHINGTON CONSUMER PROTECTION ACT
("WCPA")

Samwel, Cousineau & Shea, PC
700 W. Evergreen Blvd., Vancouver, WA 98660
Phone: (360) 750-3789 | Fax: (360) 750-3788
Email: sdcousineau@gmail.com

WHEREFORE, Plaintiff, RICK GREER, respectfully requests judgment be entered

against Defendant, PERFORMANT RECOVERY, INC., for the following:

53. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act,

15 U.S.C. 1692k.

54. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices

Act, 15 U.S.C. 1692k.

55. Any other relief that this Honorable Court deems appropriate.

### COUNT III
### DEFENDANT VIOLATED THE WASHINGTON COLLECTION AGENCY ACT
### AND WASHINGTON CONSUMER PROTECTION ACT

56. All previous paragraphs of this complaint are incorporated by reference and made a

part of this action.

57. Washington's Consumer Protection Act (WCPA) states that "Unfair methods of

competition and unfair or deceptive acts or practices in the conduct of any trade or commerce

are hereby declared unlawful."  See, RCW 19.86.020.

58. The WCPA applies to this action because Plaintiff is a consumer and Defendant is a

business, the complaint involves conduct which occurred in the course of trade/commerce,

Plaintiff was damaged in his property and business by the Defendant's actions, and the

complaint involves a matter of public interest which is capable of repetition and will likely

affect other consumers in the state.

59. Defendant violated the Washington Collection Agency Act (WCAA) by engaging in

multiple prohibited collection practices under RCW 19.16.250.

60. Defendant violated the WCAA, RCW 19.16 *et seq.* in the following ways:

COMPLAINT FOR VIOLATIONS OF THE TELPHONE          8
CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT
COLLECTION PRACTICES ACT ("FDCPA"),
WASHINGTON COLLECTION AGENCY ACT ("WCAA")
AND WASHINGTON CONSUMER PROTECTION ACT
("WCPA")

Samwel, Cousineau & Shea, PC
700 W. Evergreen Blvd., Vancouver, WA 98660
Phone: (360) 750-3789 | Fax: (360) 750-3788
Email: sdcousineau@gmail.com

a. Defendant violated RCW 19.16.250(8) by failing to disclose all information required; and

b. Defendant violated RCW 19.16.250(13) by communicating with the Plaintiff in such a manner as to harass, intimidate, threaten, and/or embarrass Plaintiff.

61. Defendant's acts as described above were done intentionally with the purpose of coercing, harassing, and intimidating Plaintiff into payment of the alleged debt.

62. Defendant has engaged in an act or practice prohibited by RCW 19.16.250 which are *per se* unfair acts or practices or unfair methods of competition in the course of trade or commerce for the purpose of the application of the WCPA (RCW Chapter 19.86 *et seq.*).  See, RCW 19.16.440.

63. Plaintiff was injured in his property and business in that Defendant's actions took Plaintiff's time away from other, more economically productive activities.

64. Defendant's actions are a direct and proximate cause of Plaintiff's injuries.

65. Defendant's actions illustrate why an injunction is necessary to prevent Defendant from injuring Plaintiff, or any other Washington consumer, with similar practices in the future.

66. As a result of the foregoing violations of the WCAA and WCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, treble damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff RICK GREER respectfully requests that judgment be entered against Defendant, PERFORMANT RECOVERY, INC., for the following:

A. An Injunction preventing Defendant from ever again contacting Plaintiff for any reason whatsoever, pursuant to RCW 19.86.090.

B. An Injunction preventing Defendant from ever again collecting upon the subject debt, pursuant to RCW 19.86.090.

COMPLAINT FOR VIOLATIONS OF THE TELPHONE    9
CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT
COLLECTION PRACTICES ACT ("FDCPA"),
WASHINGTON COLLECTION AGENCY ACT ("WCAA")
AND WASHINGTON CONSUMER PROTECTION ACT
("WCPA")

Samwel, Cousineau & Shea, PC
700 W. Evergreen Blvd., Vancouver, WA 98660
Phone: (360) 750-3789 | Fax: (360) 750-3788
Email: sdcousineau@gmail.com

C.  An Injunction preventing Defendant from ever selling, transferring, or assigning this debt, pursuant to RCW 19.86.090.

D.  An injunction preventing Defendants from ever again engaging in communication with unreasonable frequency, which communication, by definition, is communication in such a manner as to harass, intimidate threaten, or embarrass a debtor, pursuant to RCW 19.16.250, RCW 19.16.440 and RCW 19.86.090.

E.  An injunction preventing Defendants from ever again giving or sending to a debtor a notice, letter, message, or form which is a prohibited practice pursuant to RCW 19.16.250(8), and is a per se violation of the WCPA pursuant to RCW 19.86.440 and RCW 19.86.090.

F.  An injunction preventing Defendant, the owner of the underlying alleged debt, and any other person who may hereafter legally seek to collect on the underlying claim from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.250, RCW 19.16.440, RCW 19.16.450, and RCW 19.86.090.

G.  Actual damages, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1692k, RCW 19.16 *et seq.* and/or RCW 19.86 *et seq.*

H.  Statutory damages pursuant to 15 U.S.C. § 1692k, RCW 19.16 *et seq.* and/or RCW 19.86 *et seq.*

I.  Treble damages pursuant to RCW 19.86 *et seq.*

J.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k, RCW 19.16 *et seq.* and/or RCW 19.86 *et seq.*

COMPLAINT FOR VIOLATIONS OF THE TELPHONE      10
CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT
COLLECTION PRACTICES ACT ("FDCPA"),
WASHINGTON COLLECTION AGENCY ACT ("WCAA")
AND WASHINGTON CONSUMER PROTECTION ACT
("WCPA")

Samwel, Cousineau & Shea, PC
700 W. Evergreen Blvd., Vancouver, WA 98660
Phone: (360) 750-3789 | Fax: (360) 750-3788
Email: sdcousineau@gmail.com

1    K.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under

2         the law.

3    L.  For such other and further relief as this Honorable Court may deem just and proper.

4                              **DEMAND FOR JURY TRIAL**

5         Please take notice that Plaintiff, RICK GREER demands trial by jury in this action.

6

7

DATED:  December 4, 2014                    RESPECTFULLY SUBMITTED,

8

9

10

11                                   By: _____

                                          Sharon D. Cousineau
12                                        WSBA No. 30061
                                          700 West Evergreen Blvd.
13                                        Vancouver, WA 98660
                                          Tel. 360-750-3789
14                                        Fax 360-750-3788
                                          sdcousineau@gmail.com
15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR VIOLATIONS OF THE TELPHONE        11        Samwel, Cousineau & Shea, PC
CONSUMER PROTECTION ACT ("TCPA"), FAIR DEBT              700 W. Evergreen Blvd., Vancouver, WA 98660
COLLECTION PRACTICES ACT ("FDCPA"),                     Phone: (360) 750-3789 | Fax: (360) 750-3788
WASHINGTON COLLECTION AGENCY ACT ("WCAA")                      Email: sdcousineau@gmail.com
AND WASHINGTON CONSUMER PROTECTION ACT
("WCPA")