UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK GREER,<br><br>            Plaintiff,<br><br>    v.<br><br>PERFORMANT RECOVERY, INC.,<br><br>            Defendant. | CASE NO. 3:15-cv-05000-RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |

       This matter comes before the Court on plaintiff's Notice of Motion and Motion for Remand. Dkt. 6.

       This case was never filed in state court. Plaintiff's complaint alleges claims for the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.); Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.); Washington Collection Agencies Act (RCW 19.16, et seq.); and Washington Consumer Protection Act (RCW 19.86, et seq.). Dkt. 1-1.

       On August 25, 2014, plaintiff emailed a copy of the complaint, dated August 25, 2014, to defendant's in-house counsel. Dkt. 6. On December 15, 2014, plaintiff served defendant's registered agent with a summons and complaint, dated December 4, 2014. Dkt. 7-3.

       On January 2, 2015, defendant filed a Notice of Removal to federal court based on federal-question and supplemental jurisdiction. Dkt. 1.

       On January 23, 2015, plaintiff filed a motion to remand this case to the state court for failure to timely file the notice of removal under 28 U.S.C. § 1446. Dkt. 6. Plaintiff argues that

defendant had 30 days after the receipt of the complaint to file a notice of removal; that plaintiff delivered a copy of the complaint to defendant on August 25, 2014; and that, filed on January 2, 2015, more than 30 days after the initial receipt of the complaint, defendant's notice of removal is untimely. Dkt. 6.

In response, relying on *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), defendant argues that "informal transmission of a complaint without proper service of process does not trigger the 30-day period for removal." Dkt. 8. Defendant argues that it removed this case timely because the 30-day removal period commenced on December 15, 2014, when plaintiff served defendant with the summons and complaint. *Id*. In addition, defendant argues that the Court should deny plaintiff's motion because "informal notice was not received by an agent authorized to receive process." *Id*. The Court need not reach the latter issue because the Court should conclude that plaintiff's notice of removal was timely.

28 U.S.C. § 1446(b)(1), which governs this case, specifies, in relevant part, that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." The issue is whether the 30-day removal period commenced not when plaintiff emailed defendant a copy of plaintiff's unfiled complaint on August 25, 2014, but at the time of service of official process on December 15, 2014.

The Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros.*, 526 U.S. at 347-48. There, the district court denied the remand motion on the basis that the 30-day removal period commenced when the defendant was officially served with a summons, not when plaintiff faxed a copy of the complaint to defendant. *Id*. at 349.

The Supreme Court agreed with the district court, reversing the Eleventh Circuit's decision that "the clock starts to tick upon the defendant's receipt of a copy of the filed initial pleading." *Id*. The Supreme Court explained that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id*. at 350. *See* Fed. R. Civ. P. 4(a) ("[the summons] must ... state the time within which the defendant must appear and defend, and notify the defendant that a failure to do so will result in a judgment by default against the defendant."); Fed. R. Civ. P. 12(a)(1)(A) ("[a] defendant must serve an answer…within 21 days after being served with the summons and complaint"). Finally, nothing in 28 U.S.C § 1446's legislative history suggests that Congress intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity defendant. *Murphy Bros.*, 526 U.S. at 352-53.

Here, plaintiff served defendant with the summons and complaint on December 15, 2014. Accordingly, filed on January 2, 2015, defendant's notice of removal is timely. Defendant became a party officially and was required to take action in that capacity when defendant was served with the summons and complaint, not when defendant received a copy of plaintiff's unfiled complaint via email. Moreover, unlike in *Murphy Bros.*, plaintiff's complaint was not even filed in state court. Nor has plaintiff shown that defendant has waived service. Accordingly, the Court should conclude that the 30-day removal period commenced when plaintiff served defendant with the summons and complaint, not when plaintiff emailed defendant a copy of his unfiled complaint.

Although plaintiff argues that *Murphy Bros.* is distinguishable because *Murphy Bros.* dealt with an Alabama's, not Washington's, service of process statute, Congress amended 28 U.S.C. § 1446(b) to reduce the disparity in the periods for removal between States and to give

1  defendants adequate time therefor. *Id*. at 351. Moreover, depending on when a complaint is received, a defendant's period for removal may be more than 30 days from service. *Id*. at 354. In addition, plaintiff argues that the 30-day removal period commenced on August 25, 2014, under Washington law because RCW 4.28.080 requires "delivering a copy thereof" to serve, as here, a foreign corporation. Dkt. 10, at 2 (emphasis removed). However, this statute has no bearing on this case because it applies to a summons, not a complaint. RCW 4.28.080 ("[t]he summons shall be served by delivering a copy thereof, as follows:…"). What plaintiff "delivered" to defendant in this case was a complaint, not a summons. Accordingly, plaintiff's motion is without merit.

Finally, plaintiff argues that plaintiff has pleaded state claims and that the Court "should not take supplemental jurisdiction over this case simply because there are federal claims in the complaint." Dkt. 6, at 4. The Court should conclude that supplemental jurisdiction is proper in this case because plaintiff's state-law claims appear to be so related to plaintiff's federal claims (Dkt. 1) that they form part of the same case or controversy. See 28 U.S.C. § 1367.

Accordingly, it is hereby **ORDERED** that

Plaintiff's Motion Notice of Motion and Motion for Remand (Dkt. 6) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of February, 2015.

ROBERT J. BRYAN
United States District Judge